UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Ralph Venegas,** *Plaintiff*, v. **Volvo Car Corporation, Volvo Cars of North America, LLC, and Volvo Car USA LLC,** *Defendants*. | CASE NO.  4:25-cv-116 Jury Trial Demanded |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ralph Venegas ("Plaintiff" or "Venegas") files this Complaint for Patent Infringement against Defendants Volvo Car Corporation, Volvo Cars of North America, LLC, and Volvo Car USA LLC (collectively "Defendants" or "Volvo") and in support states as follows:

## INTRODUCTION

1. This is a civil action for the infringement of United States Patent No. 8,587,419 ("the '419 Patent") under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

## PARTIES

2. Plaintiff Ralph Venegas is an individual who resides in Los Angeles, California.

3. On information and belief, Defendant Volvo Cars of North America, LLC ("VCNA") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1800 Volvo Place, Mahwah, New Jersey 07430. On information and belief, VCNA is the wholly owned subsidiary of Volvo Car Corporation. Volvo has a physical address in this District at Crest Volvo Cars, 6020 State Hwy. 121, Frisco, TX 75034. VCNA may be served with process through its registered agent, C.T. Corporation System, at 350 N. St. Paul Street Suite 2900, Dallas, TX 75201.

1

4. On information and belief, Defendant Volvo Car USA LLC ("VCUSA") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1800 Volvo Place, Mahwah, New Jersey 07430. On information and belief, VCUSA is the wholly owned subsidiary of VCNA. Volvo has a physical address in this District at Crest Volvo Cars, 6020 State Hwy. 121, Frisco, TX 75034. VCUSA may be served with process through its registered agent, Oscar Bertilsson Olsborg, at 1800 Volvo Place, Mahwah, New Jersey 07430.

5. On information and belief, Defendant Volvo Car Corporation is a Swedish corporation with a place of business at VAK Building, Assar Gabrielssons väg, Goteborg, SE-405 31, Sweden. On information and belief, Volvo Car Corporation is the wholly owned subsidiary of Zhejiang Geely Holding Group Co., Ltd.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action asserted herein under the Patent Laws of the United States, United States Code, Title 35.  This is an action for patent infringement that arises under the Patent Laws of the United States, 35 U.S.C. § 271, *et seq*.

7. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

9. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendants are registered to do business in Texas. Additionally, upon information and belief, Defendants have

transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. On information and belief, Defendants maintain Volvo dealerships throughout the Eastern District of Texas as its regular and established places of business, including at least Crest Volvo Cars, 6020 State Hwy. 121, Frisco, TX 75034. On information and belief, Defendants require each dealership to hold itself out as a place of business for Defendants, and Defendants hold each dealership as its place of business (such as by listing each dealership and its inventory on Defendants' publicly-available website).

## FACTUAL BACKGROUND

**Plaintiff Venegas**

10. Plaintiff Venegas immigrated from Mexico as a child, who after working hard throughout his life and raising a family, became a U.S. citizen.

11. Mr. Venegas is a tinkerer and true "garage inventor," and he poured his energy and time and treasure into creating new inventions that he subsequently patented.

12. In the early 2000s, large sport utility vehicles (SUVs) were becoming popular, but they presented new dangers. Drivers could not see objects or people behind the vehicle.

13. After hearing after reports of these dangers and associated tragedies of large SUVs, Mr. Venegas got inspired to find a solution.

14. Mr. Venegas invented several different types of rearview cameras that could be installed or retrofit into SUVs into the third/center brake light or on the luggage rack. The problem is that those cameras are not particularly stylish, and they look bulky and clunky on vehicles. Moreover, those cameras had poor viewing angles.

15. Mr. Venegas realized that the rear emblem and logo of a large SUV presented the perfect location for cameras and sensors.

16.  Mr. Venegas was granted a patent for inventions: U.S. Patent No. 8,587,419, entitled "Collision Avoidance Detection Arrangement," which was issued on November 19, 2013.

17.  Emblems are placed in the most conspicuous positions so that other drivers can easily see them and the car maker logo—which is also the best place for a camera, so it can "see" everything. This was a major departure from industry norms, because marketing and brand protection meant never altering or changing the logo of a company. The logo of major companies is extremely valuable and alterations are not done lightly. That is part of the novelty of Mr. Venegas' '419 Patent—the Patent-in-Suit—which covers safety sensors and cameras in vehicle emblems.

18.  The claims of the '419 Patent embody more than a cosmetic change. Combining the emblem and safety sensors and cameras, improves functionality. The Defendants now do not need separate brackets and bezels to install the sensors and cameras—the Defendants are already installing the emblem, so the sensors and cameras can utilize the same supporting structure.

19.  Mr. Venegas will show other cost savings that result from the claims of the '419 Patent, such as saving substantial design costs.

20.  Likewise, the inventions of the '419 Patent allow Volvo to streamline its design and manufacturing by using a single or limited number of emblems across its various different models, all which have the safety sensors and cameras already installed, so no additional planning or design work is needed for each vehicle design.

**Volvo Notified of Venegas' Patent**

21.  On or around February 2015, Venegas sent notice to Volvo of the '419 Patent. Venegas, through his business Innoven Applied Technology, offered Volvo the opportunity to discuss a license to the '419 Patent for Volvo's own use.

22.  Mr. Venegas tried to do the right thing and offer a license to his invention.

23.  But Volvo rebuffed his efforts.

24. In a short letter in August 2015, Volvo stated that they "have decided that we are not interested in pursuing your idea," namely the idea of locating cameras and sensors in the emblem of their vehicles in accordance with the claims of the '419 Patent.

**Volvo's Infringing Products**

25. But only a few short years later, Volvo changed their safety designs, and their products now practice and infringe the claims of the '419 Patent.

**COUNT I—PATENT INFRINGEMENT OF THE '419 PATENT**

26. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

27. Ralph Venegas owns all right, title, and interest in the '419 Patent. A true and correct copy of the '419 Patent is attached as Exhibit 1.

28. Upon information and belief, Volvo's products include each of the limitations of at least claim 11 of the '419 Patent.

29. On information and belief, Volvo makes, uses, offers for sale, sells, and/or imports products that include, at least, "front park assist cameras" that directly infringe, literally and/or under the doctrine of equivalents, claims of the '419 Patent.

30. Volvo's infringing products include, but are not limited to, a variety of past and current models, such as variations of Volvo's car models, such as C40, EX30, S60, S90, V60, V90, XC40, XC60, XC90, including:

- Volvo C40: 2024 models
- Volvo EX30: 2025 models
- Volvo S60 (and S60 core): 2021, 2022, 2023, 2024, 2025 models
- Volvo S60 2.0l 4 cylinder Turbo: 2019, 2020 models
- Volvo S90 (and S90 plus): 2021, 2022, 2023, 2024, 2025 models
- Volvo S90 2.0l 4 cylinder Turbo: 2017, 2018, 2019, 2020 models
- Volvo V60: 2022, 2023 models
- Volvo V60 Polestar : 2024, 2025 models
- Volvo V60 2.0l 4 cylinder Turbo: 2019, 2020, 2021, 2024, 2025 models
- Volvo V60 Cross Country: 2021, 2022, 2024, 2025 models
- Volvo V60 Cross Country 2.0l 4 cylinder Turbo: 2019, 2020 models
- Volvo V90: 2021 model

- Volvo V90 2.0l 4 cylinder Turbo:  2017, 2018, 2019, 2020 models
- Volvo V90 Cross Country: 2021, 2024, 2025 models
- Volvo V90 Cross Country 2.0l 4 cylinder Turbo: 2017, 2018, 2019, 2020 models
- Volvo XC40: 2021, 2022, 2023, 2024, 2025 models
- Volvo XC40 2.0l 4 cylinder Turbo:  2018, 2019, 2020 models
- Volvo XC60: 2021, 2022, 2023, 2024, 2025 models
- Volvo XC60 2.0l 4 cylinder Turbo: 2018, 2019, 2020 models
- Volvo XC90: 2021, 2022, 2023, 2024, 2025 models
- Volvo XC90 2.0l 4 cylinder Turbo: 2016, 2017, 2018, 2019, 2020 models

31. These products identified immediately above are referred to collectively as the "Accused Products" or "Accused Instrumentalities."

32. In addition, Volvo knowingly induces its customers to directly infringe, either literally or under the doctrine of equivalents, claim 11 of the '419 Patent.  Volvo has been on notice of the '419 Patent before the filing of this Complaint and since no later than the time of Venegas's 2015 letter.  Likewise, Mr. Venegas had his then-counsel send a notice letter to Volvo again on April 29, 2024, but Volvo still did not respond. *See* Exhibit 2. Volvo advertises and promotes "front park assist cameras."  Volvo continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '419 Patent." Volvo does so knowingly and intending that its customers and end users will commit these infringing acts. Volvo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '419 Patent, thereby specifically intending for and inducing its customers to infringe the '419 Patent through their customers' normal and customary use of the Accused Products.

33. As a result of Volvo's unlawful infringement of the '419 Patent, Venegas has suffered and will continue to suffer damages.  Venegas is entitled to recover from Volvo the damages suffered by Venegas as a result of Volvo's unlawful acts.

6

34. The Accused Products satisfy all claim limitations of the claims of the '419 Patent. A claim chart comparing independent claim 11 of the '419 Patent to a representative Accused Product is attached as Exhibit 3.

35. Volvo was aware of and has been on notice of the '419 Patent before the filing of this Complaint and its infringement has been willful and egregious. Volvo has been aware of the '419 Patent since no later than Venegas' 2015 licensing letter.

36. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Volvo has injured Mr. Venegas and is liable for infringement of the '419 Patent pursuant to 35 U.S.C. § 271.

37. As a result of Defendants' infringement of the '419 Patent, Mr. Venegas is entitled to monetary damages in an amount adequate to compensate for Volvo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Volvo, together with interest and costs as fixed by the Court.

38. Because of Volvo's willful and egregious infringement, Venegas is entitled to enhanced damages, in the form of treble damages, under 35 U.S.C. § 284.

39. Further, because Volvo's infringement of the '419 Patent is willful, this action is "exceptional" within the meaning of 35 U.S.C. § 285, entitling Venegas to its attorneys' fees and expenses.

## JURY DEMAND

40. Plaintiff hereby demands a trial by jury.

## PRAYER

WHEREFORE, Venegas prays for judgment in his favor and against Defendants as follows:

  a. A judgment that Defendants have infringed, either literally or under the doctrine of equivalents, directly or indirectly, one or more claims of the Asserted Patents;

7

b. An award of damages adequate to compensate for the infringements, but in no event less than a reasonable royalty made for use of the inventions of the Asserted Patents, together with interest and costs as determined by the Court;

c. An award of enhanced damages under 35 U.S.C. § 284, in the form of treble damages;

d. An award of on-going royalties for any continuing or future infringement of the claims of the Asserted Patents;

e. An award of Plaintiff's reasonable attorneys' fees, costs, and expenses pursuant to 35 U.S.C. §§ 284 and 285 or as otherwise permitted by law;

f. Such other and further relief at law or in equity as the Court determines is just and proper.

## DEMAND FOR JURY TRIAL

Ralph Venegas, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 7, 2025               Respectfully submitted,

By: */s/ Manoj S. Gandhi*
Manoj S. Gandhi
CLAYTON, MCKAY & BAILEY, PC
1919 Decatur Street
Houston, TX 77007
Phone: (832) 782-4964
manoj@cmblaw.com

**ATTORNEY FOR PLAINTIFF
RALPH VENEGAS**